## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY EVANS, JR.                                 :
1310 Adams Avenue                               :
Altoona, PA 16602                               :        CIVIL ACTION
                                                :
        Plaintiff,               :        No. _3:14-cv-125_
                                                :
        v.                       :
                                                :
CERNICS, INC.                                   :        **JURY TRIAL DEMANDED**
d/b/a Cernics Suzuki                            :
and/or Cernics Pit Stop                         :
500 Cooper Ave.                                 :
Johnstown, PA 15906-11                          :
        and                      :
JEFFREY CERNIC                                  :
c/o Cernics, Inc.                               :
500 Cooper Ave.                                 :
Johnstown, PA 15906-11                          :
        and                      :
EDWARD CERNIC                                   :
c/o Cernics, Inc.                               :
500 Cooper Ave.                                 :
Johnstown, PA 15906-11                          :
                                                :
        Defendants.              :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Gary Evans, Jr. (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Cernics, Inc., Jeffrey Cernic, and Edward Cernic (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendants their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Western District of Pennsylvania, as Plaintiff was employed at Defendants' Duncansville, PA location.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Cernics, Inc. (hereinafter "Defendant Entity") is an entity organized under the laws of Pennsylvania which owns and operates a motorcycle dealership in Duncansville, PA.

8.    Defendants Jeffrey and Edward Cernic (*hereinafter* collectively referred to as "Defendant Individuals") were, at all times relevant herein, owners, high-level managers, and/or operators of Defendant Entity who were responsible for overseeing, managing, and terminating Plaintiff's employment.

9.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

10.   Defendant Entity is an employer pursuant to the ADA because Defendant Entity has and continues to employ 15 or more employers per calendar year.

## FACTUAL BACKGROUND

11.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.   Plaintiff worked for Defendants as a General Manager for approximately three (3) years until his eventual termination in or about late 2012 (discussed further *infra*).

13.   Plaintiff has and continues to suffer from various physical impairments that amount to disabilities under the applicable state and federal laws, including but not limited to hypertension, anxiety, heart palpitations, and other heart-related conditions.

14.   Plaintiff's aforementioned health conditions have and continue to severely limit his enjoyment of many life activities, including but not limited to - at times - working, performing manual tasks, running, exercising, and other activities.[1]

15.   Plaintiff also is prescribed and regularly takes medication for his anxiety, blood pressure, and heart-related disabilities.[2]

---

[1] These impacts identified upon Plaintiff are only intended to be examples, not an exhaustive list.

16.     Despite Plaintiff's aforementioned disabilities and limitations, Plaintiff was able to perform the duties of his job with Defendants well; however, Plaintiff would (at times) need reasonable accommodations.

17.     For example, Plaintiff had requested infrequent time off from work to care for and treat for his aforementioned health conditions.

18.     Plaintiff took several days off from work in or about October of 2012 to care for and treat for his aforementioned health conditions.

19.     Upon Plaintiff's return to work on or about October 15, 2012 (from his aforementioned medical leave described in Paragraph 18 of this Complaint), Plaintiff's physician sent a notice to Defendant Entity's management that Plaintiff was able to return to work but that he may require some limitations due to his disabilities.

20.     Plaintiff worked as usual following his return to work for approximately one week.

21.     On or about October 24, 2012, Plaintiff took several hours off from work in order to go to a medical appointment related to his aforementioned health conditions.

22.     During Plaintiff's medical appointment on or about October 24, 2012, Plaintiff's physician adjusted Plaintiff's medication.

23.     Approximately one day after Plaintiff's medication was adjusted (as discussed *supra*), Plaintiff informed Defendant Edward Cernic that the adjusted medication was causing him to have adverse effects and that he would be leaving approximately two (2) hours early and taking several days off at the instruction of his physician.

---

[2] Under the ADA *as amended*, "The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i); 29 C.F.R. § 1630.2(j)(1)(vi).

24.     Approximately ten (10) minutes after Plaintiff informed Defendant Edward Cernic of his need to take several days off, Defendant Edward Cernic told Plaintiff that he was not to return to work until his doctor provided an "unconditional" release to work.

25.     Plaintiff attempted to contact Defendant Entity's management to explain that he was able to work with accommodations, but Defendant Entity's management would not speak with Plaintiff.

26.     Plaintiff had cardiac surgery on or about November 20, 2012.

27.     On the day of Plaintiff's surgery Plaintiff received a letter from Defendant Edward Cernic stating that Plaintiff's medical benefits would be discontinued because of his inability to work.

28.     On or about December 11, 2012, Plaintiff informed Defendant's management that despite informing them previously that he had been able to work, he was still being terminated.

29.     Defendant Edward Cernic responded to Plaintiff's aforementioned letter and confirmed that he had prohibited Plaintiff from working due to his own perceptions about Plaintiff's disabilities and that Plaintiff would not be permitted to return to work unless the return was "unconditional."

30.     Defendants admittedly forced Plaintiff out of work because of their perceptions that he was too disabled to perform his job, although Plaintiff had provided medical documentation stating that he could work if accommodated.

31.     Plaintiff was also terminated in extremely close temporal proximity to his requests for and use of reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)
- Against Defendant Entity Only -

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

34.     Plaintiff's termination followed shortly after he made Defendant fully aware of his aforementioned health conditions and in close proximity to his request for and utilization of reasonable medical accommodations.

35.     Plaintiff was terminated by Defendant because of: (1) his known health conditions; (2) his perceived health conditions; (3) due to his record of impairment; and/or (4) in retaliation for requesting reasonable accommodations.

36.     Plaintiff made clear his need for time off from work due to his disabilities (a reasonable accommodation), but was refused any interactive process from Defendant.

37.     Instead, Plaintiff was terminated in retaliation for requesting medical accommodations (in the form of time off from work).

38.     The actions as aforesaid in this Complaint constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA, as amended.

**COUNT II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)**
**- Against All Defendants -**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the PHRA by timely filing a Charge with the Pennsylvanian Human Relations Commission ("PHRC") and by allowing said agency to investigate the charge for at least one (1) year before filing the instant Complaint.

41.     Plaintiff re-asserts and re-alleges each and every allegation of Count I of this complaint as they constitute identical violations of the PHRA.

42.     Defendant Individuals are individually liable because they are owners, high-level managers, and/or decision-makers for Defendant Entity who employed Plaintiff and who personally discriminated and/or retaliated against Plaintiff.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.   Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.   Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Jeremy M. Cerutti, Esq.
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 16, 2014

8