IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY EVANS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-CV-125 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| CERNICS, INC. d/b/a CERNICS SUZUKI, JEFFREY CERNIC, and EDWARD CERNIC, JR., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before this Court are: (1) Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Defendants' Political Affiliations (ECF No. 61), (2) Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Plaintiff's Motion for Summary Judgment, Defendants' Motion in Opposition, and This Honorable Court's Order Denying Plaintiff's Motion (ECF No. 62), and (3) Plaintiff's Motion *in Limine* to Exclude Any Reference to Any Findings, Conclusions, and/or Determinations, or Lack Thereof, by the PHRC,[1] EEOC,[2] and the Pennsylvania Unemployment Compensation Office. (ECF No. 60.)

---

[1] The Pennsylvania Human Rights Commission.
[2] Equal Employment Opportunity Commission.

## II. Background

This is a disability discrimination action.[3] In early 2010, Plaintiff began working as the general manager for Defendant Cernics, Inc., a business owned by Defendants Jeff Cernic and Ed Cernic, Jr. Plaintiff alleges that Defendants terminated his employment in late 2012 when Plaintiff informed Defendants that he was being treated for heart-related medical conditions, despite the fact that Plaintiff could have performed the essential functions of his job with a reasonable accommodation. Plaintiff claims that Defendants violated the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Rights Act ("PHRA") by refusing to accommodate his disabilities, terminating him because of his actual and/or perceived medical conditions, and retaliating against him for exercising his rights under the ADA. (ECF No. 1.)

## III. Discussion

### A. Plaintiff's Motion *in Limine* Regarding Defendants' Political Affiliations

Evidence about Defendants' political affiliations is irrelevant in this case. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence about Defendants' political affiliations is irrelevant because it does not make it more or less probable that Defendants discriminated and/or retaliated against Plaintiff in violation of the ADA and the PHRA.[4]

---

[3] This Court has federal question jurisdiction over the Americans with Disability Act claim and supplemental jurisdiction over the Pennsylvania Human Rights Act claim. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367.

[4] This Court also notes that Defendants did not respond to Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Defendants' Political Affiliations.

2

Accordingly, this Court will **GRANT** Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Defendants' Political Affiliations. (ECF No. 61.)

### B. Plaintiff's Motion *in Limine* Regarding This Court's Ruling on Summary Judgment

Evidence about this Court's decision to deny Plaintiff's Motion for Summary Judgment should be excluded. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As Plaintiff correctly observes, a jury presented with evidence about this Court's ruling on summary judgment might infer that, because this Court held that a reasonable jury could find for Defendants, the jury should find for Defendants at trial. Obviously, this inference would unfairly prejudice and bias Plaintiff. Moreover, presenting evidence about summary judgment would likely confuse the issues, as the standard for summary judgment is different from the standard of proof a party must satisfy to prevail at trial. Therefore, the probative value of this Court's denial of Plaintiff's Motion for Summary Judgment is substantially outweighed by the danger of unfair prejudice, bias, and confusing the issues.[5]

Accordingly, this Court will **GRANT** Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Plaintiff's Motion for Summary Judgment, Defendants' Motion in Opposition, and This Honorable Court's Order Denying Plaintiff's Motion. (ECF No. 62.)

---

[5] This Court also notes that Defendants did not respond to Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Plaintiff's Motion for Summary Judgment, Defendants' Motion in Opposition, and This Honorable Court's Order Denying Plaintiff's Motion.

3

### C. Plaintiff's Motion *in Limine* Regarding the Findings, Conclusions, and/or Determinations or Lack Thereof of the PHRC, EEOC, and the Pennsylvania Unemployment Compensation Office

Plaintiff's third final Motion *in Limine* is styled as a Motion to exclude findings, conclusions, and/or determinations by the PHRE, the EEOC, and the Pennsylvania Unemployment Compensation Office. (*See* ECF No. 60.) However, as Defendants observe, the last paragraph of Plaintiff's Brief in Support of his Motion *in Limine* (ECF No. 63) seeks to exclude an additional type of evidence—any "evidence regarding Plaintiff applying for, seeking ...unemployment benefits...". (*Id.* at 9.) Evidence concerning the findings, conclusions, and determinations by governmental agencies is distinct from evidence about Plaintiff's application for, or seeking, unemployment benefits. Therefore, this Court will address these issues separately.

#### 1. *Evidence Concerning the Findings, Conclusions, and/or Determinations of the Governmental Agencies*

This Court agrees with Plaintiff that evidence regarding the findings, conclusions, and/or determinations or lack thereof by the PHRC, EEOC, and the Pennsylvania Unemployment Compensation Office should be excluded.[6]

Evidence about the PHRC and the EEOC determinations should be excluded because it presents a risk of unfair prejudice that outweighs its probative value. Fed. R. Evid. 403. Plaintiff dual-filed charges of discrimination with the PHRC and EEOC to exhaust his administrative

---

[6] The Court notes that Defendants state that "Defendants are not presenting any witnesses who could provide testimony concerning any findings, conclusions or determinations by the PHRC, EEOC, or the Pennsylvania Unemployment Commission Office." (ECF No. 70 at 1.) In fact, it does not appear that Defendants object to Plaintiff's Motion to the extent that Plaintiff seeks to exclude findings of these state agencies. Rather, Defendants focus their brief on responding to Plaintiff's request to exclude evidence "regarding Plaintiff applying for, seeking... unemployment benefits." (*Id.*) This Court addresses this issue in Section III.(C)(2), *infra*.

4

remedies before filing the instant suit. (ECF No. 60 at 1.) The EEOC terminated its processing of Plaintiff's charge. (ECF No. 60-1 at 2.) If the jury were presented with this information, it might infer that, because the EEOC failed to conclude that illegal discrimination occurred, the jury must similarly find against Plaintiff. However, "[t]he EEOC's inability to conclude that violations occurred based on an investigation, the extent of which is unknown, would offer little assistance to the jury." *Scheidemantle v. Slippery Rock Univ.*, No. CIV A 04-331, 2007 WL 869633, at *1 (W.D. Pa. Mar. 16, 2007). Moreover, District Courts in the Third Circuit regularly grant motions *in limine* to exclude references to EEOR and PHRC reports in discrimination cases. *See, e.g., id.* (granting the plaintiff's motion *in limine* to exclude determination by the PHRC and EEOC); *Waters v. Pennsylvania Human Relations Comm'n*, No. 1:13-CV-2652, 2017 WL 24670, at *4 (M.D. Pa. Jan. 3, 2017) (granting the defendant's motion *in limine* to exclude reference to the EEOC determination report, and noting that "the costs associated with admission of this evidence under Rule 403 substantially outweigh its minimal probative value."); *Habiak v. Lehigh Valley Hosp.*, No. CIV.A. 05-1074, 2006 WL 560149, at *2 (E.D. Pa. Mar. 3, 2006) (granting the defendant's motion *in limine* to exclude EEOC and PHRC determinations). Therefore, this Court will grant Plaintiff's *Motion in Limine* in regards to the findings, conclusions, and determinations by the PHRC and the EEOC.

This Court will also grant Plaintiff's Motion *in Limine* with regards to Plaintiff's award of unemployment benefits. When the Defendant is not the Commonwealth of Pennsylvania, evidence that the plaintiff received unemployment benefits should be excluded. *Schilling v. Napleton's Ellwood City Chrysler, Dodge, Jeep Ram*, No. 15CV0145, 2015 WL 6509436, at *2 (W.D. Pa. Oct. 28, 2015) (citing *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. 1983)). As the Third

5

Circuit held in *Craig*, "[u]nemployment compensation most clearly resembles a collateral benefit which is ordinarily not deducted from a plaintiff's recovery. Under the collateral benefit rule, payment which a plaintiff receives for his or her loss from another source is not credited against the defendant's liability for all damages resulting from its wrongful or negligent act." *Id.* at 83 (citing Restatement (Second) of Torts § 920A(2) (1979)). Therefore, evidence of Plaintiff's receipt of unemployment benefits should not be presented to the jury.

Accordingly, this Court will **GRANT** Plaintiff's *Motion in Limine* with regards to the findings, conclusions, and/or determinations, or lack thereof, made by the PHRA, the EEOC, and the Unemployment Compensation Office.

*2. Evidence Concerning Plaintiff's Applying for and Seeking Unemployment Benefits*

While evidence about the findings of the administrative agencies (including the Unemployment Compensation Office) will be excluded, evidence regarding Plaintiff's *application* for unemployment benefits is relevant and not unfairly prejudicial. Plaintiff's statements to the Unemployment Compensation Office about why he ceased his employment are relevant because they make it more or less probable that Defendants discriminated and/or retaliated against him, which is the ultimate issue at question in this case. Statements that Defendants made on their Employer Unemployment Questionnaire Form are similarly relevant, as Defendants' statements about why Plaintiff ceased employment make it more or less likely that Defendants committed the unlawful discrimination alleged by Plaintiff. As Defendant notes, the forms that Plaintiff and Defendants completed required that the filer certify his or her statements as true. (See ECF No. 70-1 at 6; ECF No. 71-2 at 2-4.) Moreover, Plaintiff and Defendants filled out their respective forms just weeks after Plaintiff ceased his employment,

6

which adds to the probative value of the documents. Further, Plaintiff has not cited any authority to support his proposition that this Court should exclude the information that the parties provided to the Unemployment Compensation Office.

This Court finds that the information the parties submitted to the Unemployment Compensation Office is relevant and not unfairly prejudicial. *See* Fed. R. Evid. 401, 403. Therefore, the Court will **DENY** Plaintiff's *Motion in Limine* to the extent that Plaintiff seeks to exclude evidence submitted by the parties to the Unemployment Compensation Office.

IV. **Conclusion**

For the reasons stated above, this Court will **GRANT** Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Defendants' Political Affiliations. (ECF No. 61.) This Court will also **GRANT** Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Plaintiff's Motion for Summary Judgment, Defendants' Motion in Opposition, and This Honorable Court's Order Denying Plaintiff's Motion. (ECF No. 62.) This Court will **GRANT in part, and DENY in part**, Plaintiff's Motion *in Limine* Regarding the Findings, Conclusions, and/or Determinations or Lack Thereof of the PHRC, EEOC, and the Pennsylvania Unemployment Compensation Office. (ECF No. 60.)

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY EVANS, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:14-cv-125 |
| v. | ) | Judge Kim R. Gibson |
| | ) | |
| CERNICS, INC. d/b/a CERNICS SUZUKI, JEFFREY CERNIC, and EDWARD CERNIC, | ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 26th day of October, 2017, upon consideration of the Motions *in Limine* filed by Plaintiff Gary Evans, Jr. (ECF Nos. 60, 61, 62), and in accordance with the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Defendants' Political Affiliations (ECF No. 61) is **GRANTED**;

2. Plaintiff's Motion *in Limine* Seeking to Exclude Any Evidence About or Concerning Plaintiff's Motion for Summary Judgment, Defendants' Motion in Opposition, and This Honorable Court's Order Denying Plaintiff's Motion (ECF No. 62) is **GRANTED**.

3. Plaintiff's Motion *in Limine* Regarding the Findings, Conclusions, and/or Determinations or Lack Thereof of the PHRC, EEOC, and the Pennsylvania Unemployment Compensation Office (ECF No. 60) is **GRANTED in part and DENIED in PART**.

    a. Specifically, Plaintiff's Motion is **GRANTED** with respect to the findings, conclusions, and/or determinations or lack thereof by the PHRC, EEOC, and the Pennsylvania Unemployment Compensation Office. However, Plaintiff's Motion is **DENIED** with respect to statements that Plaintiff and Defendants made to the Pennsylvania Unemployment Compensation Office.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

1