IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY EVANS, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-CV-125 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| CERNICS, INC. d/b/a CERNICS | ) | |
| SUZUKI, and EDWARD CERNIC, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Plaintiff Gary Evans, Jr. sued Defendants Jeffrey Cernic, Edward Cernic, Jr., and Cernics, Inc. for violations of the Americans with Disability Act, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Evans asserted the following claims against each defendant: (1) disability discrimination; (2) denial of a reasonable accommodation; and (3) retaliation. (*See* ECF No. 1.)

The case proceeded to trial on October 30, 2017. (ECF No. 81.) After the close of evidence, Defendant Jeffrey Cernic moved for judgment as a matter of law on all claims against him pursuant to Fed. R. Civ. P. 50(a)(2). The Court granted Jeffrey Cernic's motion and dismissed Evans' claims against him. (ECF No. 84.)

The remaining claims went to the jury. The jury found in favor of Evans on his denial of a reasonable accommodation claim against Cernics, Inc., and awarded Evans $27,726.20. (ECF No. 90.) The jury found in favor of Defendants Edward Cernic, Jr. and Cernics, Inc. on all remaining claims. (*Id.*) The Court entered judgment on the jury's verdict. (ECF No. 95.)

Evans filed a motion for attorney's fees. (ECF No. 92.) Jeffrey Cernic—the Defendant that the Court dismissed after the presentation of evidence—also filed a motion for attorney's fees. (ECF No. 101.) Both motions have been fully briefed. (*See* ECF Nos. 93, 99, 101, 104, 105.) The Court heard oral argument on both motions on February 28, 2018. (*See* ECF No. 107.)

For the reasons stated below, Evans' motion for attorney's fees (ECF No. 92) will be **granted**, but the Court will reduce the lodestar amount by 30% to reflect Evans' limited success at trial. The Court will **deny** Jeffrey Cernic's motion for attorney's fees (ECF No. 101) in its entirety.

II. Discussion

  A. Evans' Motion for Attorney's Fees

"The ADA permits the award of a 'reasonable attorney's fee, including litigation expenses and costs' in the discretion of the court, to a 'prevailing party.'" *Equal Employment Opportunity Comm'n v. Hesco Parts Corp.*, 57 F. App'x 518, 522 (3d Cir. 2003) (quoting 42 U.S.C. § 12205.) As the Third Circuit has stated, "[t]he Supreme Court has given 'generous formulation' to the term 'prevailing party' to reduce the financial burden on those seeking to vindicate important public interests that might otherwise be without an advocate," and "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Ward v. Philadelphia Parking Auth.*, 634 F. App'x 901, 903 (3d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424 at 433 (1983)). But "[t]his is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433.

2

The first task in "determining the amount of a reasonable fee is the calculation of the 'lodestar' amount, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Kurschinske v. Meadville Forging Co.*, No. CIV.A. 06-87, 2008 WL 4462294, at *1 (W.D. Pa. Sept. 30, 2008) (citing *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3rd Cir. 1996)).

"The 'starting point' in determining the appropriate hourly rate is the attorneys' usual billing rate." *Pennsylvania Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 231 (3d Cir. 1998) (quoting *Public Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)). "[T]he district court should then consider the 'prevailing market rates' in the relevant community." *Pennsylvania Envtl. Def. Found.*, 152 F.3d at 231 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

When "calculating the second part of the lodestar determination, the time reasonably expended, '[t]he district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pennsylvania Envtl. Def. Found.*, 152 F.3d at 232 (quoting *Windall*, 51 F.3d at 1185). After the district court "calculat[es] the lodestar it may adjust that amount, primarily based on the degree of success that the plaintiff obtained." *Pennsylvania Envtl. Def. Found.*, 152 F.3d at 232 (citing *Hensley*, 461 U.S. at 435.) The district court must calculate the lodestar before it makes any adjustments. *Pennsylvania Envtl. Def. Found.*, 152 F.3d at 232 (citing *Windall*, 51 F.3d at 1190.)

3

1. **Lodestar Calculation**

   a. **Prevailing Market Rate**

The Court finds that the rate charged by Plaintiff's counsel is reasonable. Plaintiff submitted three affidavits from peer attorneys attesting to the reasonableness of his $350 an hour rate.[1] (*See* ECF No. 92-5.) Additionally, the Court notes that the rate charged by Plaintiff's counsel is comparable to rates charged by other practitioners in the community with similar experience and skill. Further, Plaintiff's counsel is a partner of his firm and has over a decade of experience litigating civil rights and employment matters. (*See* ECF No. 93 at 8.) Accordingly, the Court finds that Plaintiff's counsel's requested rate of $350 an hour is reasonable.

   b. **Reasonable Time Expended**

The Court finds that Plaintiff's counsel's 206 hours spent on this case constitute a reasonable expenditure of time given the factual and legal issues that this case entailed.[2] Plaintiff's counsel represented Plaintiff through the entire lifetime of this case, beginning with administrative proceedings before the EEOC and culminating with a four-day jury trial. (ECF No. 93 at 9.) Plaintiff's counsel submitted a detailed work log that describes his litigation-related activities in sufficient detail and also specifies the amount of time that he spent on each task.[3] (ECF No. 92-3.) After reviewing Plaintiff's counsel's time log, the Court finds that the amount of

---

[1] The Court notes that Defendants do not challenge the reasonableness of the hourly fee charged by Plaintiff's counsel. (*See, generally*, ECF No. 99.)

[2] The Court notes that Plaintiff's counsel's time log stated that Plaintiff's counsel spent 216 hours on this case. (ECF No. 92-3.) However, at oral argument, Plaintiff identified a typographical error in his time log and explained that, in reality, he only spent 206 hours on the case. The Court therefore accepts Plaintiff's counsel's corrected time calculation of 206 hours as the accurate computation of the time that he spent on this case.

[3] The Court also notes that Plaintiff's counsel did not bill any hours worked by his paralegal staff on this case. (See ECF No. 93 at 10.)

4

time Plaintiff's counsel spent on each task was reasonable. Therefore, the Court finds that Plaintiff's counsel's 206 hours represent a reasonable expenditure of time on this case.

### c. Lodestar Subtotal

Multiplying $350 (reasonable hourly rate) with 206 (reasonable number of hours expended) yields a lodestar of $72,100.

The Court's inquiry does not end here. Defendants ask this Court to reduce Plaintiff's attorney's fees by 75% because of Plaintiff's limited success at trial. (*See* ECF No. 99 at 7-9.) While this Court finds that a 75% reduction in attorney's fees would be excessive, the Court agrees with Defendants that Plaintiff's limited success at trial warrants a significant adjustment in the attorney's fees that he should collect.

### 2. A 30% Reduction in Attorney's Fees is Warranted Given Plaintiff's Limited Success at Trial

"The amount of the fee . . . must be determined on the facts of each case." *Hensley*, 461 U.S. at 429. A district court "may adjust the lodestar upward or downward based on a variety of reasons." *Consumers Produce Co. v. Georgiana Produce, Inc.*, No. CIV.A. 10-1068, 2012 WL 88013, at *1 (W.D. Pa. Jan. 11, 2012). "[T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. When the district court "choose[s] to 'reduce the award to account for the limited success' [it] may 'make a percentage reduction[.]'" *Sallitt v. Stankus*, No. 3:07CV361, 2010 WL 2553887, at *2 (M.D. Pa. June 21, 2010) (quoting *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 925 n. 44 (3d Cir. 1985)).

5

The Court finds that a reduction in 30% is warranted given the circumstances of this case. Plaintiff achieved "limited success;" he only succeeded on only one claim at trial[4] and obtained a jury award approximately 7% of his initial settlement demand.[5] Furthermore, Plaintiff rejected Defendants' $50,000 offer of judgment, which would have greatly reduced the costs of litigation and resulted in a settlement greater than the award that Plaintiff ultimately won at trial.[6] (ECF No. 92-6.) Plaintiff's counsel significantly overestimated the value of Plaintiff's claims, as evidenced by Plaintiff's filing for summary judgment on all counts only to prevail on one count at trial and collecting a fraction of his settlement demand and approximately half of the Defendants' offer of judgment.

Therefore, the Court awards Plaintiff's counsel **$50,470** in attorney's fees, a 30% reduction from the lodestar amount of $72,100.

---

[4] The parties dispute how many "claims" Plaintiff tried. Plaintiff argues that he tried three claims—ADA/PHRA claims for (1) disability discrimination, (2) failure to accommodate, and (3) retaliation. (*See* ECF No. 105 at 5.) Defendants contend that Plaintiff brought 12 claims—three ADA claims and one PHRA claim against each of the three Defendants. (ECF No. 99 at 1-5.) Without deciding the issue, the Court merely notes that regardless of which method this Court uses to calculate the number of claims, Plaintiff succeeded on a small fraction of the claims he took to trial.

[5] Plaintiff initially demanded $375,000 to settle the case. (Demand Letter from October 17, 2014, Defendants' Hearing Exhibit # 1.)

[6] The parties agree that, under Fed. R. Civ. P. 68, Plaintiff may not pursue costs incurred after Plaintiff denied Defendants' offer of judgment by not accepting it within 14 days of its having been made. (*See* ECF No. 92-6.) Accordingly, Plaintiff may not recover costs incurred after April 15, 2015. (*See id.*) Defendants argue in their Response Brief that "costs" include "attorney's fees," thus barring Plaintiff from recovering attorney's fees after April 15, 2015. (ECF No. 99 at 9.) However, Defendants seemed to abandon this position at oral argument, as Plaintiff argued that "attorney's fees" are not included in "costs" and Defendants never responded. In any regard, the Court rejects Defendants' argument that "costs" include "attorney's fees." *Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 591 (9th Cir. 2003) (emphasis in original) (citing *Webb v. James*, 147 F.3d 617, 622-23 (7th Cir. 1998)) (holding that the ADA "does *not* define costs to include fees.")

B.   Defendant Jeffrey Cernic's Motion for Attorney's Fees

Defendant Jeffrey Cernic asks this Court to award attorney's fees to the Defendants because Plaintiff pursued his claims against Jeffrey Cernic in bad faith. (*See* ECF No. 101.) Defendants contend that after the close of discovery, Plaintiff knew that Jeffrey Cernic was not a "supervisor" under the governing law and therefore knew that he could not possibly prevail on his claims against him. (*Id.* at 3-4.) In response, Plaintiff argues that he had more than sufficient evidence to proceed on his claims against Jeffrey Cernic and that he did not pursue his claims against him in bad faith. (ECF No. 104 at 10) Plaintiff further asserts that reverse attorney's fees are generally inappropriate in civil rights cases. (*Id.* at 13-17.)

"As the Supreme Court held in *Christiansburg*, while prevailing plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust,' a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "'[F]rivolous, unreasonable, or without foundation,' in this context, implies 'groundless . . . rather than simply that the plaintiff has ultimately lost his case.'" *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (quoting *Christainsburg*, 434 U.S. at 421.)

> The Supreme Court advises:
>
> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Chistainsburg*, 434 U.S. at 421-22; *L.B. Foster*, 123 F.3d at 751. Accordingly, the Third Circuit has repeatedly held that "attorney's fees [to a prevailing . . . defendant] are not routine, but are to be only sparingly awarded." *L.B. Foster*, 123 F.3d at 751 (internal citations and quotation marks omitted.)

Plaintiff's claims against Jeffrey Cernic were certainly not airtight. But they were not "frivolous, unreasonable, or without foundation." Plaintiff had a reasonable basis for believing that Jeffrey Cernic was a "supervisor" under the applicable law; Edward Cernic testified in his deposition that Jeffrey Cernic interviewed Plaintiff for his job and "usually" participated in the decisions to discipline and terminate employees. (*See* ECF No. 104-2.)

While the Court granted Jeffrey Cernic's motion for judgment as a matter of law, Plaintiff had a non-frivolous basis for proceeding against Jeffrey Cernic and did not pursue his claims against Jeffrey Cernic in bad faith. Therefore, the Court will deny Defendant Jeffrey Cernic's motion for attorney's fees.

### III. Conclusion

The Court grants Plaintiff's motion for attorney's fees, but reduces the requested amount by 30% in light of Plaintiff's limited success at trial. The Court denies Defendant Jeffrey Cernic's motion for attorney's fees because Plaintiff's claims against him were not frivolous.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY EVANS, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:14-cv-125 |
| v. | ) | Judge Kim R. Gibson |
| | ) | |
| CERNICS, INC. d/b/a CERNICS | ) | |
| SUZUKI, JEFFREY CERNIC, and | ) | |
| EDWARD CERNIC, | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 5th day of March, 2018, upon consideration of the motions for attorney's fees filed by Plaintiff Gary Evans (ECF No. 92) and Defendant Jeffrey Cernic (ECF No. 101), and in accordance with the accompanying memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion for attorney's fees (ECF No. 92) is **granted**. The Court finds that Plaintiff's hourly rate and hour total are reasonable, thus yielding a total lodestar amount of $72,100. However, the Court finds that a 30% reduction is warranted given Plaintiff's limited success at trial. Accordingly, the Court awards Plaintiff's counsel **$50,470** in attorney's fees.

2. Defendant Jeffrey Cernic's motion for attorney's fees (ECF No. 101) is denied.

3. The Clerk of Court is directed to mark this case as closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE